IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KINGVISION PAY-PER-VIEW LTD.        )
as Broadcast Licensee of the        )
March 1, 2003 JONES/RUIZ, Program,  )
                                    )
                Plaintiff,          )
                                    )
        v.                          )    1:04CV678
                                    )
JEROME LLOYD GADSON, Individually,  )
and d/b/a GOLDEN STAG LOUNGE,       )
and GOLDEN STAG LOUNGE,             )
                                    )
                Defendants.         )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Plaintiff has filed a motion for default judgment against defendants Jerome Lloyd Gadson, individually, and d/b/a Golden Stag Lounge, and Gold Stag Lounge. An entry of default was previously made on September 30, 2004. (Docket No. 11) The complaint alleges that the Golden Stag Lounge is an unknown business entity, either corporation, partnership, or proprietorship. Service was made on the individual and on the Gold Stag Lounge of 1413 Liberty Street, Winston-Salem, North Carolina 27105, by service on the individual. Plaintiff seeks damages in the amount of $270,000.00 as to each defendant, and costs and attorney's fees in the amount of $1,054.37, along with an injunction. Defendants were served with notice of the hearing, but defendants did not appear.

Plaintiff alleges that defendants illegally and without permission received, intercepted, and used plaintiff's encrypted electronic transmission of the March 1, 2003 Jones/Ruiz boxing event. Plaintiff relies on 47 U.S.C. § 605 which provides for actual damages or statutory damages of $250.00 to $10,000.00; 47

U.S.C. § 605(e)(4) which provides for enhanced statutory damages of $10,000.00 to $100,000.00 for aggravated violations; and 47 U.S.C. § 553 which provides for damages up to $10,000.00 and $50,000.00 for willful violation. The Court will consider imposing increased statutory damages if there is evidence of a willful violation for purposes of private financial gain or other aggravating conduct. See Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., 146 F. Supp. 2d 955 (E.D. Wis. 2001); Time Warner Cable of New York City v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485 (S.D.N.Y. 1999); and Entertainment by J&J, Inc. v. Friends II, Inc., 2003 WL 1990414 (S.D.N.Y. April 25, 2003).

Plaintiff makes the following uncontested showing through affidavits:

> Kingvision Pay-per-View, Plaintiff herein, owned the exclusive commercial rights to distribute the Jones/Ruiz boxing event on March 1, 2003 to commercial establishments for a licensing fee. The Defendants herein did not purchase the rights to intercept and exhibit this encrypted boxing match from the Plaintiff, and yet they intercepted it without authorization and unlawfully exhibited same to their patrons.
>
> . . .
>
> On March 1, 2003 prior to the exhibition of the Jones-Ruiz Event which included its undercards, Plaintiff provided auditor Tawanda Salisbury with the legal list. Said auditor visited the Golden Stag Lounge 1413 North Liberty Street Winston-Salem, NC 27105 and on March 1, 2003 at approximately 11:36 p.m. verified that the Jones/Ruiz Event was exhibited to patrons at the Defendant's commercial establishment without authorization. (The Defendant establishment was not included in the Legal List.) The Affidavit is attached as Exhibit "B" to the Plaintiff's Affidavit. The affidavit reveals that the establishment has an estimated capacity of approximately 40 people and that about 27 people were present viewing the exhibit Event on one (1)

-2-

> large screen television sets [sic] and that there was a
> $5.00 cover charge to enter the establishment.

(Docket No. 13, Pl.'s Br. at 1-2).

As was the case in <u>Time Warner Cable</u>:

> Both § 553 and § 605 allow plaintiff to elect to recover either actual damages and lost profits, or statutory damages. 47 U.S.C. § 553(c)(3)(A); 47 U.S.C. § 605(e)(3)(C)(i)(I). Plaintiff has opted for statutory damages. Where a defendant is liable under both § 553 and § 605, a plaintiff is entitled to have damages awarded under 605 which provides for greater recovery. [citations omitted]

<u>Time Warner Cable</u>, 77 F. Supp. 2d at 489.

In imposing statutory damages, the Court may simply assess a flat or standard sum or else attempt to achieve some sort of rough justice by trying to determine plaintiff's loss and the ability of defendant to pay. <u>Kingvision</u>, 146 F. Supp. 2d at 960; <u>see also</u> <u>Garden City Boxing Club, Inc. v. Morales</u>, No. 05-CV-0064, 2005 WL 2476264 (E.D.N.Y. Oct. 7, 2005); <u>Time Warner Cable</u>, 77 F. Supp. 2d 485; <u>Kingvision Pay-Per-View, Ltd. v. Batista</u>, No. CV050614RJDJMA, 2005 WL 2999427 (E.D.N.Y. October 6, 2005). In calculating financial loss the Court may use as a yardstick the number of patrons present, whether a cover charge was collected, or likely income to the defendant while the program was being shown. A multiplier, sometimes four to eight times, is then applied to the amount. <u>Id</u>. However, in this case, the defendants did not appear to help the Court determine this figure or provide any basis for reducing the statutory penalty. Consequently, it is not unfair that the Court simply assess the flat $10,000.00 statutory damage

award under 47 U.S.C. § 605, which will often come close to a multiplier amount in any event.

Next, the Court must consider whether it should recommend enhanced damages in addition to the amount granted above. The evidence clearly shows willful behavior on the part of defendants, which is a necessary factor for assessing enhanced damages. Id. A commercial establishment showed the event to its patrons and profited thereby. The showing could not have been accidental. In determining whether the enhanced award should be a minimum of $10,000.00 or up to $100,000.00, the Court may look to see whether (1) the defendants advertised the fight or otherwise displayed it to entice patrons, (2) the defendants imposed an admission or cover charge, (3) there is a history of repeated violations, (4) there were a large number of patrons to show whether the violation was a large one or a small one and (5) other similar factors. Id. The only factor plaintiff has evidence for is the second one.

Because the Court has found that enhanced damages are warranted, it needs to determine whether it should impose an amount greater than $10,000.00. The Eastern District of New York has considered these matters in a series of cases, similar to the one before the Court, some of which are cited here. In general, that court has limited the enhanced damages to a $10,000.00 amount. The amount assessed in Kingvision, 2005 WL 2999427, was increased to $20,000.00 because there was evidence of previous violations. The Court does not have that additional aggravating factor present here and, therefore, will limit its recommendation to the $10,000.00

amount which it finds to be reasonable under the circumstances of this case.

The Court will also recommend a permanent injunction and attorney's fees, inasmuch as all of these are allowed by the statute. Id. The permanent injunction also serves as a warning to defendants should they decide to again violate the law.

**IT IS RECOMMENDED** that plaintiff's motion for entry of default judgment (docket no. 12) be granted and that default judgment be entered against defendants Jerome Lloyd Gadson and the Golden Stag Lounge, 1413 Liberty Street, Winston Salem, NC 27105, jointly and severally, in the amount of $20,000.00, along with costs and attorney's fees in the amount of $1054.37, amounting to a sum of $21,054.37, plus post-judgment interest at the legal rate in effect to accrue thereon from the date of Judgment forward until paid.

**IT IS FURTHER RECOMMENDED** that defendants Jerome Lloyd Gadson, individually, and the Golden Stag Lounge, 1413 Liberty Street, Winston Salem, NC 27105 be permanently enjoined from committing or assisting in the commission of any violation of the Cable Communications Policy Act, 47 U.S.C. §§ 553 or 605.

/s/ Russell A. Eliason
United States Magistrate Judge

December 28, 2005